IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

MICHAEL J. MORRIS, #271 829,    )
                                )
    Petitioner,                 )
                                )
        v.                      )   CIVIL ACTION NO.: 3:15-CV-735-MHT
                                )              [WO]
WARDEN CARTER DAVENPORT,        )
                                )
    Respondent.                 )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is pending before the court on a 28 U.S.C. § 2241 petition for habeas corpus relief filed on October 1, 2015, by Michael Morris, a state inmate incarcerated at the Easterling Correctional Facility.[1] Petitioner seeks to challenge the conviction for murder entered against him by the Circuit Court for Chambers County, Alabama, on April 19, 2010, pursuant to his plea of guilty. The trial court sentenced Petitioner to life imprisonment. *See Doc. No. 1, Attachment.*

### I. DISCUSSION

Petitioner seeks habeas relief under 28 U.S.C. § 2241 from his 2010 conviction for murder. "[A]lthough [Petitioner's] petition is authorized by § 2241, it is also governed by

---

[1] The petition currently under consideration by the court was signed by Petitioner on October 1, 2015. The law is well settled that a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Morris] signed it ... ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers October 1, 2015, as the date of filing.

1

§ 2254 because [Petitioner] is 'in custody pursuant to the judgment of a State court.' 28 U.S.C. § 2254(a)." *Medberry v. Crosby*, 351 F.3d 1049, 1054 (11th Cir. 2003); *Thomas v. Crosby*, 371 F.3d 782, 785 (11th Cir. 2004) (a § 2241 habeas petition filed by a prisoner in custody under the judgment of a state court is subject to the procedural restrictions contained in § 2254). In coming to this conclusion, the Eleventh Circuit determined that "the writ of habeas corpus is a single post-conviction remedy principally governed by two different statutes. *See* 28 U.S.C. § 2241(a) ('Writs of habeas corpus may be granted... .'); 28 U.S.C. § 2254(a) ('[Federal courts] shall entertain an application for a writ of habeas corpus... .'). These identical statutory references to 'the writ of habeas corpus' must be read as referring to the same remedy. *See Sorenson v. Sec'y of the Treasury*, 475 U.S. 851, 860 (1986)." *Medberry*, 351 F.3d at 1059. Thus, "if a state prisoner is 'in custody pursuant to the judgment of a State court,' his petition is subject to § 2254." *Id*. at 1062.

> Our reading of §§ 2241 and 2254 as governing a single post-conviction remedy, with the § 2254 requirements applying to petitions brought by a state prisoner in custody pursuant to the judgment of a State court, gives meaning to § 2254 without rendering § 2241(c)(3) superfluous. ... To read §§ 2241 and 2254 other than as we do would effectively render § 2254 meaningless because state prisoners could bypass its requirements by proceeding under § 2241.
>
> If § 2254 were not a restriction on § 2241's authority to grant the writ of habeas corpus, and were instead a freestanding, alternative post-conviction remedy, then § 2254 would serve no function at all. It would be a complete dead letter, because no state prisoner would choose to run the gauntlet of § 2254 restrictions when he could avoid those limitations simply by writing "§ 2241" on his petition for federal post-conviction relief. All of Congress's time and effort in enacting § 2254, amending it in 1966, and further amending it in 1996 with AEDPA would have been a complete waste. Section 2254 would never be used or applied, and all of the thousands of decisions over the past half-century from the Supreme Court and other federal courts interpreting and applying the provisions of § 2254 would

2

> have been pointless. Section 2254 would be a great irrelevancy because a state prisoner could simply opt out of its operation by choosing a different label for his petition.

*Id*. at 1060-1061.

"Section § 2254 is triggered where a prisoner is 'in custody pursuant to the judgment of a State court. [Petitioner] is in custody pursuant to the judgment of the [Alabama] court.  Therefore § 2254 applies to [Petitioner] petition [and] ... [he] cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition." *Thomas*, 371 F.3d at 787.  In light of the foregoing, this court must apply the procedural restrictions contained in § 2254 to the instant petition.

A review of the records of this court indicates that Petitioner filed a previous habeas corpus petition under 28 U.S.C. § 2254 challenging his 2010 conviction. Petitioner filed the previous habeas petition on March 26, 2012.  *Morris v. Hetzel, et al*., Civil Action No. 3:12-CV-275-WHA (M.D. Ala. 2015). In that prior action, the court denied Petitioner relief from his Chambers County conviction, finding his habeas application to be without merit. *Id., Doc. No. 16*.

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges]

determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) and (C).

It is clear from the pleadings filed by Petitioner he has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. "Because this undertaking [is Petitioner's] second habeas corpus petition and because he had no permission from [the Eleventh Circuit] to file a second habeas petition, ... the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, the present petition for habeas corpus relief is due to be denied and this case summarily dismissed. *Id*. at 934.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2254 petition for habeas corpus relief filed by filed by Petitioner on October 1, 2015, be DISMISSED under 28 U.S.C. § 2244(b)(3)(A) as Petitioner has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on Petitioner. Petitioner may file any objections to this Recommendation on or before **November 20, 2015**. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 6th day of November, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE